**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Northern__ District of __Texas__
(State)

Case number (If known): _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Carrollton Gateway Development Partners, LLC

2. **All other names debtor used in the last 8 years**  
   None
   
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  
   88-2959044

4. **Debtor's address**

   **Principal place of business**
   
   12801 North Central Expressway  
   Number    Street  
   Suite 140  
   
   Dallas    Texas    75243  
   City    State    ZIP Code
   
   Dallas  
   County

   **Mailing address, if different from principal place of business**
   
   12801 North Central Expressway  
   Number    Street  
   Suite 140  
   P.O. Box
   
   Dallas    Texas    75243  
   City    State    ZIP Code
   
   **Location of principal assets, if different from principal place of business**
   
   2441 North Broadway Street  
   Number    Street
   
   Carrollton    Texas    75006  
   City    State    ZIP Code

5. **Debtor's website (URL)**   _____

Debtor  Carrollton Gateway Development Partners, LLC         Case number (*if known*)_____
        *Name*

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| **7.** | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☐ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>  5  3  1  3 |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check **all** that apply*:<br>  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>  ☐ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes. District _____ When _____ Case number _____<br>                                      MM / DD / YYYY<br>         District _____ When _____ Case number _____<br>                                      MM / DD / YYYY |

Debtor　__Carrollton Gateway Development Partners, LLC__　　　　　　　Case number (*if known*)_____
　　　　　Name

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☒ No<br>☐ Yes.　Debtor _____　Relationship _____<br>　　　　District _____　When _____<br>　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY<br>　　　　Case number, if known _____ |
| **11. Why is the case filed in *this district*?** | Check all that apply:　Carrollton Gateway Development Partners, LLC<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>　　What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>　　　　　　　　　　　　　Number　　Street<br>　　　　　　　　　　　　　_____<br>　　　　　　　　　　　　　_____　___ _____<br>　　　　　　　　　　　　　City　　　　　　　State ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes.　Insurance agency _____<br>　　　　Contact name _____<br>　　　　Phone _____ |

### Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | Check one:<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☒ 1-49　　　　☐ 1,000-5,000　　　　☐ 25,001-50,000<br>☐ 50-99　　　☐ 5,001-10,000　　　 ☐ 50,001-100,000<br>☐ 100-199　　☐ 10,001-25,000　　　☐ More than 100,000<br>☐ 200-999 |

Official Form 201　　　　Voluntary Petition for Non-Individuals Filing for Bankruptcy　　　　page **3**

Debtor  Carrollton Gateway Development Partners, LLC                     Case number (if known)_____
         Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☒ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/5/2024
             MM / DD / YYYY

✗ _____    Dennis M. Holmgren
Signature of authorized representative of debtor    Printed name

Title  Manager of Urban Planning Partners, LLC, Manager of the Debtor

**18. Signature of attorney**

✗ _____    Date  11/5/2024
Signature of attorney for debtor             MM / DD / YYYY

Dennis M. Holmgren
Printed name

Holmgren Johnson: Mitchell Madden, LLP
Firm name

12801 North Central Expressway, Suite 140
Number     Street

Dallas                                    Texas          75243
City                                      State          ZIP Code

972-484-7780                              dennis@hjmmlegal.com
Contact phone                             Email address

24036799                                  Texas
Bar number                                State

# UNANIMOUS CONSENT AND RESOLUTION OF
# THE MANAGER AND MEMBERS OF
# CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC

The undersigned, being all of the Members and the Manger of **CARROLLTON GATEWAY DEVELOPMENT PARTNERS, LLC**, a Texas limited liability company (the "**Company**" or "**Borrower**"), acting pursuant to the Texas Business Organizations Code and the Company Agreement of Carrollton Gateway Development Partners, LLC, a Texas limited liability company, dated to be effective the 6th day of May, 2022 (the "**Company Agreement**"), do waive right to a meeting, notice of meeting, and do hereby adopt the following Resolutions in lieu of a meeting (this "**Consent**").

**WHEREFORE**, NamHawk, LLC, a Texas limited liability company ("**NamHawk**") owned certain real and personal property in Dallas County, Texas comprising 11.1957+/- acres of land as more fully described in that certain Special Warranty Deed with Vendor's Lien from GNL Broadway, LLC, as grantor, to NamHawk, as grantee, recorded as Document Number 20190003523, in the Real Property Records of Dallas County, Texas (the "**Property**");

**WHEREFORE**, effective April 24, 2022, the Company entered into that certain Purchase and Sale Agreement (the "**PSA**") with NamHawk, LLC ("**NamHawk**") and its members to purchase the equity interests in NamHawk;

**WHEREFORE**, the Property is encumbered by that certain Deed of Trust, Security Agreement, and Financing Statement from NamHawk, as grantor, for the benefit of Bancorp South, recorded as Document Number 202100287511, in the Real Property Records of Dallas County, Texas (the ("**Cadence DOT**");

**WHEREFORE**, the Cadence DOT secured a loan from Bancorp South to NamHawk in the original principal amount of $6,700,000.00 (the "**Cadence Debt**");

**WHEREFORE**, Cadence Bank ("**Cadence**") acquired Bancorp South and, along with such acquisition, acquired the Cadence Debt and the Cadence DOT;

**WHEREFORE**, NamHawk and the NamHawk members defaulted under the PSA and the parties attended a pre-suit mediation resulting in that certain Settlement Agreement that is recorded as Document Number 202300244715 in the Real Property Records of Dallas County, Texas (the "**Settlement Agreement**");

**WHEREFORE**, the Settlement Agreement called for the payment of the settlement funds to be secured by a second lien deed of trust from NamHawk in favor of the Company (the "**CGDP DOT**");

**WHEREFORE**, NamHawk defaulted under the Settlement Agreement by, among other things, failing to deliver the CGDP DOT and failing to make the payments required thereunder;

**WHEREFORE**, the Company agreed to delay payment of the settlement funds in exchange for NamHawk delivering the CGDP DOT and paying delay payments in the amount of $5,000.00 per month;

**WHEREFORE**, NamHawk failed to deliver the CGDP DOT, failed to make the delay payments. and, as a result, the Company commenced litigation against NamHawk and its members styled *Carrollton Gateway Development Partners, LLC v. Namhawk, LLC, et al.*; Cause Number DC-24-00686; in the 191st Judicial District Court, Dallas County, Texas (the "**NamHawk Lawsuit**") on January 6, 2024;

**WHEREFORE**, NamHawk eventually delivered the CGDP DOT, which was recorded as Document 202400148664 in the Real Property Records of Dallas County, Texas on July 25, 2024, but never cured any of the payment defaults or other defaults under the Settlement Agreement;

**WHEREFORE**, the Cadence Debt was originally scheduled to mature in September of 2024;

**WHEREFORE**, the Company attempted to buy the Cadence Debt from Cadence at par, but Cadence refused to sell it;

**WHEREFORE**, the Property was appraised by Integra Realty Resources for Bancorp South, who issued a report on July 15, 2021, valuing the Property at $14,480,000.00;

**WHEREFORE**, Tract 2 of the Property, as set forth in Document Number 20190003523 is currently under contract with a third party for $2,100,000.00;

**WHEREFORE**, the Company noticed the Property for foreclosure to occur on October 1, 2024 and proceeded to foreclose it on that date;

**WHEREFORE**, the Company purchased the Property at the foreclosure sale by that certain Foreclosure Sale Deed recorded as Document Number 202400199102, in the Real Property Records of Dallas County, Texas;

**WHEREFORE**, the Company took title to the Property subject to the Cadence DOT and one (1) or more tax liens and other potential encumbrances (the "**Prior Encumbrances**");

**WHEREFORE**, on or about October 3, 2024, the Company received a payoff statement from Cadence indicating that the loan payoff as of October 9, 2024 was $5,830,898.29 with interest accruing at $766.14 per day thereafter;

**WHEREFORE**, there exists substantial equity in the Property above the Cadence Debt and the Prior Encumbrances;

**WHEREFORE**, after the foreclosure sale, the Company learned that NamHawk had entered into a transaction similar to that embodied in the PSA with Strange and Sons Development LLC ("**Strange**");

**WHEREFORE**, the Company has entered into an agreement with Strange to develop the Property;

**WHEREFORE**, Strange has secured a letter of interest (the "**LOI**") from a third-party lender to provide a loan to refinance the Cadence Debt (the "**Takeout Financing**");

**WHEREFORE**, the Takeout Financing is expected to close in thirty (30) to forty-five (45) days;

**WHEREFORE**, prior to its dispute with NamHawk, Strange had secured an agreement in principle from Cadence to allow for an extension of the Cadence Debt to allow for it to be refinanced;

**WHEREFORE**, Cadence has noticed the Property for a foreclosure sale to occur under the Cadence DOT on November 5, 2024 from 1:00 to 4:00 pm.

**WHEREFORE**, the Company provided the LOI to Cadence and requested that the foreclosure sale be passed to allow for the Takeout Financing to close;

**WHEREFORE**, Cadence has refused to postpone the foreclosure sale;

**WHEREFORE**, on November 4, 2024, NamHawk filed for Chapter 11 bankruptcy protection styled *in re NamHawk, LLC*; Cause No. 24-33549-mvl11; in the United States Bankruptcy Court for the Northern District of Texas (the "**NamHawk Bankruptcy**");

**WHEREFORE**, on November 4, 2024, counsel for Cadence indicated that it was Cadence's intent to proceed with the foreclosure sale despite the NamHawk Bankruptcy;

**WHEREFORE**, in the opinion of the Manager and Members of the Company, there are multiple confirmable Chapter 11 plan options that will preserve the equity in the Property, yet allow all creditors to be repaid; and

**WHEREFORE**, it is the opinion of the Manager and Members that filing a Chapter 11 bankruptcy petition is in the best interest of the Company.

**NOW, THEREFORE**, the undersigned Manager and Members hereby adopt the following Resolutions on behalf of the Company:

**RESOLVED**, that the Manager and Members consent to the Company filing for bankruptcy protection under Title 11, United States Code;

**FURTHER RESOLVED**, that the Company hereby retains Dennis Holmgren and the attorneys of Holmgren Johnson: Mitchell Madden, LLP ("**Counsel**") to represent the Company;

**FURTHER RESOLVED**, that the Counsel has agreed to extend credit to finance the filing fees and attorneys' fees for the bankruptcy and shall be entitled to an administrative claim for such advanced fees and expenses;

**FURTHER RESOLVED**, that Dennis M. Holmgren is hereby appointed to the representative of the Company in the bankruptcy (the "**Signing Party**") with full authority to act on behalf of the Company;

**FURTHER RESOLVED**, that the Manager and Members consent to the Company operating as a debtor in possession;

**FURTHER RESOLVED**, that the Manager and Members consent to the Company undertaking additional borrowings through the bankruptcy as deemed necessary by the Signing Party;

**FURTHER RESOLVED**, that the Manager and Members consent to the Company retaining real estate, valuation, accounting, legal, and other professionals to act on behalf of the Company;

**FURTHER RESOLVED,** the Signing Party may, acting alone or in concert with others (i) take any and all actions he reasonably and in good faith deems necessary or appropriate in connection with filing and prosecting the bankruptcy; (ii) now and in the future execute such necessary, advisable, or appropriate documents as necessary to initiate and prosecute the bankruptcy, including, without limitation, the sale of the Property, the retention of professionals, and the provision of additional borrowings, and (iii) now and in the future execute such necessary, advisable, or appropriate documents, as may be reasonably and in good faith necessary or required in connection with the foregoing matters and the matters set forth herein, all on such terms as the Signing Party shall deem appropriate in his sole discretion;

**FURTHER RESOLVED,** that the members of the Manager and Members hereby appoint the Signing Party to be their agent and attorney-in-fact to execute all documents necessary to: (i) file and prosecute the bankruptcy, and (ii) to effectuate the matters set forth herein;

**FURTHER RESOLVED,** that the Signing Party is directed to execute all documents necessary to: (i) file and prosecute the bankruptcy, and (ii) to effectuate the matters set forth herein;;

**FURTHER RESOLVED,** that this Consent shall be deemed to be an amendment of the Company Agreement;

**FURTHER RESOLVED,** that this Consent may be executed in several parts or in multiple originals and that each such original or combination of original signature pages shall be deemed to be an original;

**FURTHER RESOLVED** that this Consent shall be effective as of the November 5, 2024; and

**FURTHER RESOLVED**, that the Manager and Members hereby approve, authorize, ratify and confirms all actions heretofore taken to the extent consistent with the foregoing, and all things done by their authority with respect to this Consent.

SIGNATURES TO FOLLOW ON NEXT PAGE

SIGNED to be effective as of the 5th day November, 2024.

**Manager**:

**URBAN PLANNING PARTNERS, LLC**, a Texas limited liability company

By: *Dennis M. Holmgren*
Dennis M. Holmgren, Manager

By: *Jeff Blakley*
Jeffrey B. Blakley, Manager

By: *[signature]*
Ken Morrison, Manager

**Members**:

**DHJH INVESTMENTS, LLC**, a Texas limited liability company

By: *Dennis M. Holmgren*
Dennis Holmgren, Manager

**TKOV VENTURES, LLC**, a Texas limited liability company

By: *Jeff Blakley*
Jeffrey B. Blakely, Manager

**THE MORRISON FAMILY TRUST**

By: *[signature]*
Ken Morrison,
Authorized Representative